**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHN RUSSELL,** ) | **Case No. 1:07 CV 3434** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **CARL ANDERSON, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

On February 29, 2008, Petitioner John Russell filed a document entitled "Motion for Copy of Prosecutor's File to be filed as part of Record." (ECF No. 9.) Therein, Russell explained that Respondent had filed the trial transcript on February 25, 2008 but failed to include a copy of the prosecutor's file ordered sealed by the Eighth District Court of Appeals. (Id. at 2.) He asked the Magistrate Judge to order such production. (Id.) On May 1, 2008, the Magistrate Judge issued an order directing Respondent Carl Anderson to submit, under seal, the prosecutor's file which had been ordered sealed on direct appeal, so that the Magistrate Judge could conduct an *in camera* inspection and ascertain whether information existed in the file that was pertinent to Russell's habeas claims. (ECF No. 16.)

On June 6, 2008, Respondent filed the prosecutor's file in this court under seal. (ECF No. 18.) Shortly thereafter, Respondent filed a "Motion to Withdraw Sealed File." (ECF

No. 19.) The Respondent explained that:

> [i]t seems the Court's order [requiring production of the prosecutor's file] was premised on an assumption (shared by Respondent) that the prosecutor's file was made a part of the state court record when it was ordered sealed by the state Court of Appeals. (Doc. 9). But Respondent has since learned that this assumption was mistaken; the prosecutor's file was never part of the state court record and was never reviewed by the state courts. Accordingly, Respondent requests that the prosecutor's file, which has been sealed and filed with this court, be withdrawn and returned to the prosecutor.

(ECF No. 19 at 1.) Respondent further explained that, "[o]nly after an exhaustive search of the court records was unsuccessful did the Respondent contact the prosecutor and learn that the file had never been ordered transmitted to the Court and had always been in the possession of the prosecutor's office." (Id. at 1-2.) Respondent noted, citing the affidavit of Cuyahoga County Assistant Prosecutor Carol Skutnik, that the Court of Appeals, though it ordered the file sealed, never ordered the file to be made a part of the record, and never reviewed the file in deciding the appeal."[1] (Id. at 2). Consequently, Respondent continued, since the prosecutor's file was not a part of the state court record, Russell's request to add it to the Court's consideration of his habeas petition was effectively a request for discovery, not warranted in this case. (Id.)

On August 8, 2008, the Magistrate Judge issued a Memorandum of Opinion and Order stating its conclusion, i.e., that the assumption that the sealed prosecutor's file had been made a part of the record on appeal and considered by the state court had been inaccurate. (ECF No. 22.) Therefore, the Magistrate Judge granted Respondent's Motion to Withdraw

---

[1] Apparently, Russell filed a motion in the state appeals court requesting that the prosecutor's file be sealed "pending the determination of the issues raised in the pending appeal," yet never asked that the file be transmitted to the court and made part of the record.

Sealed File. (Id.) On August 20, 2008, Russell filed an objection to the Magistrate Judge's ruling. (ECF No. 24.)

Under Civ. R. Fed. P. 72, the district judge must review *de novo* any part of a magistrate judge's disposition, including the disposition of matters not dispositive of a party's claim, to which a party has properly filed an objection. The Court has reviewed the relevant motions, orders and objection and overrules Russell's objection to the Magistrate Judge's order granting Respondent's Motion to Withdraw Sealed File. (ECF No. 22.) For reasons set forth plainly by the Respondent and accepted by the Magistrate Judge, which reasons need not be reiterated by me, the record shows that the prosecutor's file was <u>not</u> part of the record in the state court litigation. Accordingly, the Magistrate Judge properly ordered the return of the file to the Respondent and Russell's objection (ECF No. 24) is hereby **OVERRULED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     October 6, 2008*
**Dan Aaron Polster**
**United States District Judge**