**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN RUSSELL,** | ) | **Case No.  1:07 CV 3434** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **CARL ANDERSON, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Report and Recommendation (the "R&R") of Magistrate

Judge David S. Perelman.  (**ECF No. 21**.)  Pending is the Petition Under 28 U.S.C. § 2254 for

Writ of Habeas Corpus By A Person In State Custody (the "Petition"), filed on November 5,

2007 by Petitioner John Russell.  (**ECF No. 1**.)  The Magistrate Judge recommends that the

Petition be denied.  Russell has filed Objections to the R&R.  (**ECF No. 23**.)  For the following

reasons, the Objections are **OVERRULED**, the R&R is **ADOPTED**, and the Petition is

**DENIED**.

## I.  BACKGROUND

Russell was charged in a fifty-seven count indictment filed November 10, 2004,

which included twenty-three counts of rape, twenty-seven counts of gross sexual imposition, and

seven counts of kidnaping.  Russell pleaded not guilty to the charges and subsequently requested

and received a bill of particulars.  On January 24, 2006, he filed a motion for a more specific bill

of particulars and for production of the transcripts from the grand jury proceedings.  However, the Cuyahoga County Court of Common Pleas orally denied Russell's Motions.  On March 23, 2006, Russell was convicted by a bench trial of eight counts of gross sexual imposition and sentenced to five years of incarceration and five years of post-release control.

Russell timely appealed the convictions to Ohio's Eighth District Court of Appeals, alleging six assignments of error.  *See State v. Russell*, 2007-Ohio-2108, 2007 WL 1290072 (Ohio App. 8 Dist. May 3, 2007).  During pendency of the appeal, Russell filed a motion to unseal the prosecution's file to determine if the State's representations, that it did not possess additional detailed information, was accurate.  The appeals court granted the motion without opinion but did not mention transmittal of the file to the court.  On May 3, 2007, the state appellate court affirmed the judgment of Russell's conviction and sentence.  On September 26, 2007, the Ohio Supreme Court denied Russell leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (See ECF No. 7, Ex. 18); see also *State v. Russell*, 2007-Ohio-4884, 115 Ohio St.3d 1413 (Sep. 26, 2007) (table).

Russell timely filed the pending Petition presenting the following five grounds for relief:

1.  O.R.C. 2929.12(D) violates the Fifth, Sixth and Fourteenth Amendments of the federal Constitution and a new sentencing hearing is in order.

2.  The charging method employed by the State denied Petitioner fair notice of the charges and denied him an adequate opportunity to prepare his defense in violation of the Sixth and Fourteenth Amendments of the federal Constitution and the convictions violate *Valentine v. Kontech*, 395 F.3d 626 (6th Cir.2005) and *In re: Oliver,* 333 U.S. 257 (1948).

3.      Under the Fourteenth Amendment's Due Process Clause, a trial court must grant a more specific bill of particulars when the indictment is vague and must at minimum conduct an in camera inspection of the State's file to determine whether the information requested is available and material to a defendant's ability to prepare and present a defense.

4.      Where a complaining witness identifies at least two other people as the perpetrators of the crimes against her before identifying the petitioner a grand jury transcript must be granted in accordance with the Due Process Clause of the Fourteenth Amendment of the federal Constitution.

5.       The evidence is insufficient under *Jackson v. Virginia*, 443 U.S. 307 (1979) to convict petitioner of five separate counts of gross sexual imposition.

(ECF No. 1.)  Respondent filed a Return of Writ (ECF No. 7), and Russell filed a Traverse (ECF No. 14).

On August 8, 2008, Magistrate Judge Perelman issued the R&R recommending that the Court dismiss the Petition (ECF No. 21), and Russell timely filed Objections to the R&R (EFC No. 23).  The record shows that Russell timely exhausted his habeas claims in the Ohio courts.  Upon review of the issues, the record and relevant case law, the Court is prepared to issue its ruling.

## II.   LEGAL STANDARD

Russell filed his federal habeas Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254; therefore, the AEDPA applies to this case.  *Williams v. Taylor*, 529 U.S. 420, 429 (2000); *Whiting v. Burt*, 395 F.3d 602, 609 n.5 (6th Cir. 2005) ("Although [p]etitioner's conviction predated the effective date of the AEDPA, his [p]etition was filed after that date and, therefore, the AEDPA applies.").  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the

-3-

state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court provided the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams*, 529 U.S. at 412). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 412).  The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable.  *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).  If the state court never addressed an issue raised, this Court must review that issue *de novo*.  *Burton v. Remico*, 391 F.3d 764, 770 (6th Cir. 2004).

Where, as here, the last state court decision is silent or neglects to explain its reasons for not granting the requested relief, this Court may assume that it relied on the last reasoned state court decision.  *Ivory v. Jackson*, 509 F.3d 284, 291-92 (6th Cir. 2007) (citations

-4-

omitted).  Thus, the  Eighth District Court of Appeals' rationale will be taken as the state court's basis for denying relief.  *Id.*

### III.    ANALYSIS

#### A.    Sufficiency of the Evidence and Inconsistent Verdicts

The Sixth Circuit has held that a sufficiency of evidence argument should be the first issue ruled upon in a habeas petition.  *Joseph v. Coyle*, 469 F.3d 441, 453-54 (6th Cir. 2006).  Accordingly, the Court will address the fifth claim for relief first.

Russell argues there is insufficient evidence to support his convictions.  The proper standard to determine sufficiency of evidence claims was enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which holds that sufficient evidence supports a conviction if, after viewing the evidence in a light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Id.; see also Zuern v. Tate*, 336 F.3d 478, 482 (6th Cir. 2003); *Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002).  The *Jackson* standard "does not permit a court to make its own subjective determination of guilt or innocence."  *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (*citing Jackson*, 443 U.S. at 319 n.13)); *Brown v. Davis*, 752 F.2d 1142 (6th Cir. 1985) (explaining a court cannot weigh witness credibility or substitute the factfinder's determinations).

The state appellate court addressed this issue and held that the evidence presented at trial was sufficient to convict Russell of the gross sexual imposition charges.[1]  The record

---

[1]The state court stated: "Appellant's second assignment of error asserts that the evidence was insufficient to support his convictions."  *Russell*, 2007 WL 1290072, at *4.  The court explained the elements of the offenses and applied the facts, in a  light most favorable to the prosecution,  to the elements.  *Id.*  The state court concluded that a rational trier of fact could find that the evidence was sufficient to convict Russell

supports its conclusion.  Although the state court did not specifically cite *Jackson*, the court's

analysis and conclusions were consistent with *Jackson*.  *Slagle v. Bagley*, 457 F.3d 501, 513-14

(6th Cir. 2006) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (explaining the state court does not

need to refer to the Supreme Court case but the analysis and conclusion must be consistent with

the Court's precedent).

           In the Traverse, Russell also argued that "no rational trier of fact could have

found petitioner not guilty of Rape and Kidnaping yet guilty of Gross Sexual Imposition.  The

verdicts returned by the court simply make no sense whatsoever."  (EFC No. 14, at 19.)  The

Court interprets this argument to mean that the trial court's verdicts were unconstitutionally

inconsistent.[2]  Russell has not cited and the Court cannot find, a federally cognizable claim based

on inconsistent verdicts.  Rather, "[e]ach count in an indictment is regarded as if it was a

separate indictment."  *Dunn v. United States*, 284 U.S. 390, 393 (1932); *United States v. Powell*,

469 US 57, 65 (1984).  The Sixth Circuit has held that inconsistency in verdicts is not a

sufficient reason for reversal, regardless if a jury or judge is the trier of fact.  *United States v.*

*Chilingirian*, 280 F.3d 704, 710-11 (6th Cir. 2002) (citing *Harris v. Rivera*, 454 U.S. 339, 345

(1981)).  In any event, the state appellate court properly noted that "[w]e cannot properly infer

that, because appellant was not convicted of the rape and kidnaping charges, he also should not

have been convicted of gross sexual imposition."  Russell's Fifth Claim is, therefore, denied.

---

of gross sexual imposition.  *Id.*

      [2]The issue of whether evidence is insufficient is unrelated to the question a verdict's
consistency.  *Jackson*, 443 U.S. at 319 n.13.

-6-

**B.     O.R.C. 2929.12(D)(5) violates the Fifth, Sixth and Fourteenth Amendments**

At the sentencing hearing, Russell maintained his innocence.  In the first claim for relief, Russell argues that the judge interpreted his assertion of innocence as a lack of remorse and, under O.R.C. 2929.12(D)(5), used that as a factor in sentencing him to consecutive terms of incarceration.  Russell contends that this violated his Fifth Amendment right against self-incrimination.  Russell also contends the sentencing court's consideration of lack of remorse constitutes a judicial finding of fact that violates his Sixth Amendment right to trial by jury under *United States v. Booker*, 543 U.S. 220 (2005).  Finally, Russell argues that O.R.C. 2929.12(D)(5) violates the Fourteenth Amendment because it is unconstitutionally vague.

Russell argues the sentencing court's "finding" that he lacked remorse violates the Sixth Amendment under *Booker.*  This claim is meritless.

In Ohio, punishment and recidivism are the overriding concerns a sentencing judge must consider when fashioning a sentence for a convicted felon.  O.R.C.  2929.11(A).  The court imposing such sentence has the "discretion" to determine the most effective way to comply with those overriding concerns.  O.R.C. 2929.12(A).  In exercising that discretion, the court must consider factors such as lack of remorse when determining a felon's likelihood of recidivism.  O.R.C. 2929.12(D)(5).

It is well-established that O.R.C. 2929.12(A) does <u>not</u> require a sentencing court to make specific findings when consider the recidivism factors.  *State v. Green*, 2006-Ohio 6695, at ¶ 33, 2006 WL 3703204 at *6 (Ohio App. 11 Dist. 2006) (citing *State v. Glenn*, 2004-Ohio-2917, at ¶ 47, 2004 WL 1238346 at *8 (Ohio App. 11 Dist. 2004).  Indeed, the Ohio Supreme Court has stated that there is no mandate for judicial factfinding under § 2929.12(A).  *State v.*

*Foster*, 109 Ohio St.3d 1, 14 (2006).  Rather, Ohio's felony sentencing law only requires the trial

court to "consider" the mitigating circumstances in the exercise of its discretion.  *Id.*  Here, the

sentencing court's observation that Russell lacked remorse when considering recidivism does not

constitute an unconstitutional judicial finding of fact, and there is no evidence that the court

improperly weighed the evidence.

Even if the sentencing court had engaged in unconstitutional factfinding (i.e.,

finding "beyond a reasonable doubt" that Russell lacked remorse), *Booker* would not be availing

because it is not retroactively applicable to cases on collateral review.  *Benitez v. United States*,

521 F.3d 625, 629 (6th Cir. 2008) (citing *Humphress v. United States*, 398 F.3d 855, 860 (6th

Cir. 2005)).

Regarding Russell's Fifth Amendment claim, the state appeals court determined,

"There is no indication in the record that the court considered the fact that appellant exercised

his right to trial to demonstrate lack of remorse, or that the court considered that his failure to

testify at trial demonstrated a lack of remorse."  *Russell*, 2007 WL 1290072, at *5.  This ruling

did not involve an unreasonable application of clearly established federal law.

A defendant's right against self-incrimination under the Fifth Amendment "is

fulfilled only when a criminal defendant is guaranteed the right 'to remain silent unless he

chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such

silence.'"  *Estelle v. Smith*, 451 U.S. 454, 468 (1981) (*quoting Malloy v. Hogan*, 378 U.S. 1, 8

(1964)).  While federal law restricts a court from increasing a sentence because a defendant

exercised his Fifth Amendment rights to remain silent, it does not prohibit a sentencing court

from consider a defendant's lack of remorse.  *Ketchings v. Jackson,* 365 F.3d 509, 512-13 (6th Cir. 2004); *Coger v. Davis*, 2008 WL 2704648, at *6 (E.D. Mich. July 9, 2008).

Here, Russell informed the sentencing court of his own free will, "I must maintain my innocence.  I have never inappropriately touched [my daughter] in any way***."  (ECF No. 21, at 11.)  Obviously, the court did not construe his silence to be a lack of remorse; rather, it considered his remarks to show remorselessness – one of numerous factors a state court judge may properly take into consideration in determining likelihood of recidivism and fashioning an appropriate sentence.

Finally, Russell argues that § 2929.12(D)(5) is unconstitutionally vague because "remorse" is undefined in the Ohio Revised Code and is subject to arbitrary application.  In support of this argument, Russell cites *Grayned v. City of Rockford*, 408 U.S. 104 (1972).  In *Grayned,* the Supreme Court upheld a city picketing ordinance and found that it was not void for vagueness under the Fourteenth Amendment.  *Grayned* does not involve Ohio's sentencing statutes or "remorse" as a sentencing factor, and the Court cannot find a Supreme Court case supporting Russell's argument.  "Under AEDPA, if there is no 'clearly established Federal law, as determined by the Supreme Court' that supports a habeas petitioner's legal argument, the argument must fail."  *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (citing *Taylor*, 529 U.S. at 412).  For all these reasons, the first claim for relief is denied.

### C.    Defective Indictment and Denial of the Bill of Particulars

Because the second and third claims for relief are related, the Court will address them together.  Russell argues that his indictment denied him fair notice under the Fourteenth Amendment because it contained arbitrary time frames and indistinguishable counts.  He also

argues that, although the trial court granted his first request for a bill of particulars, the court's failure to grant his <u>second</u> request for a bill of particulars violated the Fourteenth Amendment. He claims the state court's determination of the facts were unreasonable in light of the evidence presented.

It is well-established that there is no federal constitutional right to be charged in an indictment. *Hurtado v. California*, 110 U.S. 516, 537-38 (1884); *Branzburg v. Hayes*, 408 U.S. 665 (1972); *Koontz v. Glossa*, 731 F2d 365, 369 (6th Cir. 1977). However, "[t]he due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Koontz*, 731 F.2d at 369 (citing *In Re Ruffalo*, 390 U.S. 544 (1968)); *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005). Fair notice is given when the offense charged is described with "precision and certainty so as to apprise the accused of the crime with which he stands charged." *Koontz*, 731 F.2d at 369. However, indictments with "fairly large time windows in the context of child abuse prosecutions are not in conflict with [a defendant's] constitutional notice requirements." *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005). Here, the state appeals court held that the indictment and denial of the second bill of particulars did not violate Russell's constitutional rights because he was given specific ranges of dates and details regarding the crimes.[3] The record supports the state court's ruling. Contrary to

---

[3]The state court explained, "Because the victim was a child, the available details of each offense were limited. The state had supplied appellant with such information as it had through discovery. The time ranges included in the indictment for each offense allowed the court to associate particular charges with particular incidents to which the victim testified at trial. Therefore, the indictment was not insufficient nor did the trial court err by denying appellant's motion for a more specific bill of particulars." *State v. Russell*, No. 88008, 2007 WL 1290072, at *4 (Ohio Ct. App. May 3, 2007).

Russell's assertion, the Magistrate Judge addressed both of these claims and denied them on the merits.[4]  The second and third claims are denied.

### D.    Grand Jury Transcripts

In the fourth claim for relief, Russell argues that the state court did not follow Ohio law when it denied his request for the production of grand jury transcripts, and that the ruling violated his Fourteenth Amendment rights.  The failure of a state court to follow state law does not create a claim cognizable on federal habeas review.  *Meshell v. Vasbinder*, No. 06-CV-15296, 2008 WL 4056914 at *7 (6th Cir. Aug. 29, 2008) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  Furthermore, the misapplication of state law is not cognizable in a federal habeas proceeding unless a petitioner can prove that the error deprived him of a fair trial or proceeding.  *Wenworth v. Morgan*, No. 06-17-KKC, 2006 WL 3760256 at *6 (E.D. Ky. Dec. 14, 2006) (citing *Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir. 1985)).  Only when the ruling is arbitrary and capricious does the misapplication of state law violate due process.  *Id*. (citing *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

Ohio law provides for disclosure of grand jury transcripts when a particularized need is shown.  *See State v. Greer*, 44 Ohio St.2d 139 (Ohio 1981).  The state appeals court applied the *Greer* test and agreed with the trial court that Russell failed to show a particularized

---

[4]The Magistrate Judge stated: "These allegations of violation of state law fail to rise to the level of a denial of fundamental fairness and, therefore, are not cognizable in federal habeas corpus."  (ECF No. 21, at 15.)  Furthermore, he explained that "even if these state law claims were to be considered, this Court would not find that the decision of the state appellate court on the foregoing matters of state law was either objectively unreasonable or that it involved an unreasonable application of federal law.   Consequently, petitioner's second and third claims for relief are without merit."  (ECF No. 21, at 16.)

need for the transcripts.[5]   Such rulings are within the trial court's discretion.  *Greer*, 66 Ohio

St.2d at 148.  Russell provides no support for his claim that the state court abused its discretion

or that its ruling implicated his federal due process rights.  The fourth claim for relief is also

denied.

## IV.   CONCLUSION

Based on the foregoing, the Court **OVERRULES** the Objections, **ADOPTS** the

R&R (**ECF No. 9**), and **DENIES** the Petition (**ECF No. 1.**)

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     October 6, 2008*
**Dan Aaron Polster**
**United States District Judge**

---

[5]The state appellate court overruled this claim for relief .  The court explained: "Appellant's fifth assignment of error claims the court erred by failing to provide him with the transcripts of the grand jury proceedings.  Testimony before the grand jury is secret and may only be disclosed by order of the trial court upon a showing of a particularized need for it.  *State v. Greer* (1981, 66 Ohio St.2d 139.  In this case, appellant argues that disclosure of the transcripts of the grand jury proceedings is necessary to determine whether the grand jury was informed about the multiple statements made by the victim. . . Appellant cannot challenge the sufficiency of the evidence presented to the grand jury." *State v. Russell*, No. 88008, 2007 WL 1290072, at *5 (Ohio Ct. App. May 3, 2007).